# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:25-CV-00715-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $480,031 IN UNITED STATES CURRENCY,<br><br>Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture (Doc. No. 7). Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the approximately $480,031 in U.S. currency ("Defendant Currency") seized as identified in the Complaint.

## I. FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2011); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint, *see* Doc. No. 1, are deemed admitted as true. The following is a recitation of the relevant, admitted facts:

On or around February 18, 2025, the day of the traffic stop, Oleksandr Systrenskyi—who regularly flies one-way from Florida to Charlotte—traveled one-way from Florida to Charlotte and

1

rented a white Toyota 4Runner. *Id.* ¶ 1. That same day, law enforcement observed another man, a known methamphetamine and narcotics trafficker later indicted for narcotics conspiracy, carrying a gray duffle bag from a Charlotte residence on foot. *Id* ¶ 2. Twenty minutes later, the driver of the 4Runner picked up the known trafficker along with the gray bag. *Id.* ¶¶ 2, 12. Approximately one minute after entering the vehicle, the 4Runner dropped the known trafficker off without the bag and departed. *Id.* Hours later, law enforcement stopped the 4Runner, driven by Systrenskyi, in Florida. *Id.* ¶ 2. A K-9 alerted to narcotics in the vehicle, and a subsequent search revealed two duffle bags, one of which was gray. *Id.* Both bags contained the currency at issue, totaling around $480,031. *Id.* The currency in the gray duffle bag was packaged in silver with black lettering on the outside of it. *Id.* When asked, Systrenskyi gave "evasive" answers and otherwise had no known legitimate source of income. *Id.* Accordingly, law enforcement seized the currency. *Id.*

Later, in Charlotte, law enforcement searched the residence from which the trafficker had been observed leaving with the gray duffle bag. *Id.* Inside, they discovered among other things, "(1) two kilogram-sized bricks of cocaine and (2) a large quantity of currency packaged in the same manner and bearing similar markings to the currency" seized from Systrenskyi's rented 4Runner. *Id.*

## II. PROCEDURAL BACKGROUND

On September 19, 2025, the Government filed a Verified Complaint for Forfeiture In Rem, alleging that the Defendant Currency seized from Systrenskyi's 4Runner is subject to civil forfeiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A). Doc. No. 1. Also on September 19, the Clerk issued a Warrant for Arrest In Rem for the Currency. Doc. No. 2.

The Court is satisfied that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no

individual or entity has made a timely claim to the Defendant Currency. On November 26, 2025, the Clerk entered an Entry of Default. Doc. No. 6.

### III. DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq. See* 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to civil forfeiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency. Therefore, the Court finds that the Government has established that default judgment is appropriate.

### IV. JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture (Doc. No. 7) is hereby **GRANTED** and

Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Currency identified in the Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law.

**SO ORDERED.**
Signed: December 17, 2025

*(signature)*

Kenneth D. Bell
United States District Judge